KAREN P. HEWITT
United States Attorney
SABRINA L. FEVE
Assistant U.S. Attorney
California State Bar No. 226590
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone (619) 557-7854
email sabrina.feve@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARKO ALEXANDER GOMEZ-CANCINO, <br><br> Defendant. | Criminal Case No. 08MJ1160 <br><br> **UNITED STATES'S RESPONSE AND OPPOSITION TO JOHN ELLIS'S APPEAL FROM MAGISTRATE JUDGE DISQUALIFICATION OF COUNSEL** <br><br> Date:  May 19, 2008 <br> Time:  2:00 p.m. |

**I.**
**INTRODUCTION**

This is not an appeal on behalf of a beleaguered defendant. Rather, it is an unjustified exercise that should be denied for three reasons: First, neither John Ellis nor Federal Defenders has standing to bring it. Second, nobody, including the defendant, Marko Alexander Gomez-Cancino, has a Sixth Amendment basis for seeking to undo or revisit Magistrate Judge Jan M. Adler's decision to change Mr. Gomez-Cancino's appointed counsel. And, third, there is no evidence of the clear error that would justify overruling Judge Adler's decision.

**II.**
**PROCEDURAL BACKGROUND**

Immigration and Customs Enforcement agents arrested Marko Alexander Gomez-Cancino on April 14, 2008 for attempting to bring 8.40 kilograms of methamphetamine into the United States. Because of medical problems that required his hospitalization, Mr. Gomez-Cancino was not arraigned

until April 21, 2008 by Magistrate Judge Jan M. Adler. On April 21, 2008, Judge Adler found that Mr. Gomez-Cancino qualified for a court-appointed attorney and appointed Gerald McFadden to represent him. The United States moved to detain Mr. Gomez-Cancino and a detention hearing was set for April 24, 2008.

Unbeknownst to Judge Adler, on April 18, 2008, the prior week's duty Magistrate, Magistrate Judge Barbara L. Major, provisionally appointed Federal Defenders to represent Mr. Gomez-Cancino. On April 22, 2008, Mr. McFadden notified Judge Adler of the appointment discrepancy and Judge Adler confirmed Federal Defenders' appointment. On April 23, 2008, Mr. McFadden called the Assistant United States Attorney assigned to the matter, Michelle Pettit, to advise her of the change in counsel. Ms. Pettit immediately called Mr. Ellis to advise him that, since arresting Mr. Gomez-Cancino, the United States had learned of a conflict between Mr. Gomez-Cancino and another Federal Defenders' client. Mr. Ellis refused to recuse Federal Defenders.

At Mr. Gomez-Cancino's April 24, 2008, Ms. Pettit advised the Court of the conflict. At sidebar, Ms. Pettit outlined for Judge Adler the nature of the conflict between Mr. Gomez-Cancino and the other Federal Defenders' client. Mr. Ellis was not present for this part of the conversation. Over Mr. Ellis's objections, Judge Adler ordered Federal Defenders relieved and re-appointed Mr. McFadden to represent Mr. Gomez-Cancino. On April 30, 2008, Mr. Ellis filed an appeal of Judge Adler's decision to relieve him as counsel.

Since Ms. Pettit's April 23 conversation with Mr. Ellis, the list of attorneys who are conflicted from representing Mr. Gomez-Cancino has grown to include two Federal Defenders, one former Federal Defendaner, and six panel attorneys.

**III.
ARGUMENT**

**A.  Neither Mr. Ellis Nor Federal Defenders Has Standing To Bring This Appeal.**

Although there may be confusion over who is bringing the appeal now before the Court, it is clear that none of the potential appellants have standing. Mr. Ellis represented at the Court's May 9, 2008 hearing on his appeal that he was arguing the appeal as the individual John Ellis, rather than as John Ellis, Federal Defender. This representation is puzzling, since Mr. Ellis is not a panel attorney

1 and is not authorized to serve as court-appointed counsel in his individual capacity. Regardless of his
2 capacity, neither Mr. Ellis nor Federal Defenders has standing to bring the present appeal.

3       Mr. Ellis is no longer Mr. Gomez-Cancino's attorney - Mr. McFadden is - and Mr. Ellis cannot
4 appeal on Mr. Gomez-Cancino's behalf. Mr. Ellis must therefore show that he has some independent
5 standing to assert the purported Sixth Amendment violations he is attempting to appeal. He cannot.
6 As the party invoking federal jurisdiction, it is Mr. Ellis's burden to establish that he has independent
7 standing. Lujan v, Defenders of Wildlife, 594 U.S. 555, 5661 (1992). To do so, Mr. Ellis must show
8 (1) that he has suffered a specific injury, (2) that the United States caused said injury, and (3) that
9 favorable court action will likely redress said injury. Lujan, 594 U.S. at 560-61; San Diego Cty. Gun
10 Rights Comm. V. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996). Mr. Ellis has not attempted to meet, and
11 cannot meet, any part of this test.

12     1.    <u>Mr. Ellis Has Not, And Cannot, Allege Any Injury.</u>

13       Mr. Ellis has no legal injury upon which to assert standing. To satisfy the injury prong of the
14 standing test, Mr. Ellis must show "some direct injury as the result of the challenged official conduct...
15 [that is] an invasion of a legally protected interest which is (a) concrete and particularized and (b)
16 actual...." Lujan, 594 U.S. at 560. The injury requirement exists in part to ensure that ideological
17 "intermeddlers" cannot insert themselves into another's case. See Singleton v. Wulff, 428 U.S. 106,
18 113-114 (1976); United States v. Richardson, 418 U.S. 166, 192 (1974) (Powell, concurring). Mr. Ellis
19 cannot point to a particular and actual violation of a legally-protected interest that he or Federal
20 Defenders has suffered as a result of Judge Adler's substitution of counsel. His appeal tacitly concedes
21 this infirmity by purporting to advocate on behalf of Mr. Gomez-Cancino. Mr. Ellis's appeal is not,
22 however, an expression of Mr. Gomez-Cancino's wishes (Mr. Gomez-Cancino has expressed nothing
23 but satisfaction with Mr. McFadden's representation). Rather, Mr. Ellis's appeal is precisely the type
24 of ideological interference that the injury prong is designed to prevent.

25     2.    <u>Any Purported Injury Mr. Ellis or Federal Defenders Has Suffered Was Not Caused By Government Conduct.</u>
26 To satisfy the causation prong of the standing test, Mr. Ellis's injury must be "fairly traceable
27 to [the government's] conduct." Lujan, 594 U.S. at 560. Assuming, *arguendo*, that Mr. Ellis's
28 removal as appointed counsel constitutes an injury for standing purposes, the cause of Mr. Ellis's injury

does not lie with the United States. To the extent any injury exists, it is "fairly traceable" not to the government's actions, but to: (1) a fact outside of the government's control, namely the Federal Defenders' representation of another individual and the conflict borne of this prior representation; (2) the United States's ethical obligation to disclose said conflict to the court, see U.S. v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000); and (3) Judge Adler's decision that the potential conflict justified appointing new counsel. The true source of the conflict issue, and thus the source of the supposed injury, comes from the relationship between another Federal Defender and his or her client – third parties not before this court. As this purported injury was caused by the actions of these third parties, rather than by the United States, Mr. Ellis lacks standing. San Diego Cty., 98 F.3d at 1130 (citing Boating Indus. Assoc. v. Marshall, 601 F.2d 1376, 180-84 (9th Cir. 1979)).

        3.      <u>Mr. Ellis's Requested Relief Would Worsen, Rather Than Redress, The Situation.</u>

Mr. Ellis is not seeking to redress a cognizable injury. The only injury articulated by Mr. Ellis, the purported violation of Mr. Gomez-Cancino's Sixth Amendment right to counsel, would be exacerbated by further interference in his relationship with Mr. McFadden. If the Court re-appointed Mr. Ellis to represent Mr. Gomez-Cancino, any plea negotiations or trial preparation would be interrupted and delayed. Worse, Mr. Gomez-Cancino would have a rich vein to mine on collateral attack insofar as he could forcefully argue that he was saddled with an attorney who should have been conflicted off his case and who, by virtue of this conflict, violated his Sixth Amendment right to effective assistance of counsel. Similarly, if the Court forced the United States to disclose to Federal Defenders the confidential details of why a conflict exists between Mr. Gomez-Cancino and Federal Defenders, the Court would be violating Mr. Gomez-Cancino's Sixth Amendment right in order to satisfy Mr. Ellis's curiosity and irritation with being left out of Ms. Pettit and Judge Adler's sidebar.

Mr. Ellis admits that Mr. McFadden is providing effective assistance to Mr. Gomez-Cancino. Nothing more need be done, then, to protect Mr. Gomez-Cancino's Sixth Amendment right. If Mr. Ellis belatedly elects to argue an alternate, personalized, injury, the United States submits that such injury will only be redressed at the expense of Mr. Gomez-Cancino, upon whose behalf Mr. Ellis purports to brings this appeal.

**B.     There Is No Claim For Which This Appeal Can Seek Or Obtain Relief.**

Mr. Ellis's argument that Judge Adler's substitution of counsel violated Mr. Gomez-Cancino's Sixth Amendment right to counsel of his choice is contradicted by established Ninth Circuit precedent. Clients who require appointment of counsel have no right to challenge the appointment so long as appointed counsel is competent. Caplin & Drysdale v. United States, 491 U.S. 617, 624 (1989); Morris v. Slappy, 461 U.S. 1, 12-14 (1983); United States v. Ensign, 491 F.3d 1109 (9th Cir. 2007) ("right to counsel does not extend to defendants who require counsel to be appointed for them"). Nobody disputes that Mr. McFadden is competent. Accordingly, neither Mr. Gomez-Cancino nor Mr. Ellis has a Sixth Amendment basis for attacking Judge Adler's substitution of counsel.

**C.     The District Court Should Apply Deferential Review To Judge Adler's Decision.**

Judge M. James Lorenz has addressed the standard of review that District Court Judges in this District should apply to decisions made by Magistrate Judges regarding appointment of counsel: "Issues related to appointment of counsel order[s] are deemed nondispositive, and thus the magistrate judge's determination of such matters is entitled to deference unless it is clearly erroneous or contrary to law." Daniels v Ruan, 2007 WL 1125683 (S.D.Cal. April 16, 2007). This deferential standard of review is the same as that adopted when a District Court reviews a Magistrate Judge's authorization of a search warrant. See, e.g., U.S. Nielsen, 371 F. 3d 574, 579 (9th Cir. 2004); U.S. v. Wong, 334 F. 3d 831, 835-836 (9th Cir. 2003). When reviewing either a search warrant application or a potential conflict of interest, the Magistrate Judge is called upon to make mixed findings of fact and law. As Judge Lorenz points out, such decisions are nondispositive. It therefore makes sense that both types of decisions would be reviewed under the same standard. There is no evidence that Judge Adler committed clear error.[1] Mr. Ellis's appeal should therefore be denied.

---

[1] The ex parte affidavit that the United States has filed under seal with the Court shows that Judge Adler has committed no error.

//

//

//

# IV.
# CONCLUSION

A review of the relevant case-law demonstrates that Mr. Ellis has no legal basis for his appeal. Rather, his Quixotic campaign to usurp Judge Adler's position as the arbiter of whether a conflict of interest exists has accomplished nothing more than wasting the limited resources of the Court, of Mr. McFadden, of Federal Defenders, and of the United States, while unnecessarily dragging Mr. Gomez-Cancino before the Court and potentially undermining his relationship with his attorney. His appeal should be denied.[2]

DATED: May 15, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s *Sabrina L. Fève*
SABRINA L. FEVE
Assistant U.S. Attorney

---

[2] In the event that Mr. Ellis is dissatisfied with this Court's determination of his appeal, it should be noted that the Supreme Court has held that a District Court's pretrial disqualification of defense counsel in a criminal prosecution is not immediately appealable. See Flanagan v. United States, 465 U.S. 259, 260 (1984).

KAREN P. HEWITT
United States Attorney
SABRINA L. FEVE
Assistant U.S. Attorney
California State Bar No. 226590
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone (619) 557-7854
email sabrina.feve@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 08MJ1160 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| MARKO ALEXANDER GOMEZ-CANCINO, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Sabrina L. Fève, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I effected service of the United States' **Response and Opposition to John Ellis's Appeal From Magistrate Judge Disqualification of Defense Counsel**, and this Certificate of Service, on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System:

    Gerald McFadden, Esq.
    *Counsel for Defendant*

In addition, I effected service of the United States' **Response and Opposition to John Ellis's Appeal From Magistrate Judge Disqualification of Defense Counsel**, and this Certificate of Service, on the following parties by fax:

John M. Ellis
Federal Defenders
(619) 687-2666 (f)
(619) 234-8467 (t)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 15, 2008.

                                              /s/ Sabrina L. Fève
                                              SABRINA L. FEVE
                                              Assistant United States Attorney